STATE OF MAINE                                    BUSINESS & CONSUMER DOCKET
PORTLAND, ss.                                     DOCKET NO. BCD-CIV-2021-21


DIAMOND BUSINESS CREDIT          )
CORP. f/k/a Business Credit Direct  )
Corp.,                           )
                                 )
            Plaintiff,           )
                                 )
        v.                       )   ORDER DENYING THE MOTIONS TO
                                 )   DISMISS FILED BY TRACE ENERGY AND
TWIN RIVERS PAPER COMPANY,       )   TWIN RIVERS PAPER COMPANY
LLC, TRACE ENERGY, LLC, and ED   )
PELLETIER & SONS, CO.,           )
                                 )
            Defendants.          )


This case involves the assignment of claims growing out of work performed at a paper mill located in Madawaska, Maine. Defendant Trace Energy, LLC ("Trace") has brought a Motion to Dismiss all four of the counts of the Complaint pled against it, based on lack of standing, failure to join a necessary party, and forum non conveniens. Defendant Twin Rivers Paper Company, LLC ("Twin Rivers") has brought a Motion to Dismiss the one count against it, based on failure to allege a duty owed, failure to exhaust remedies, and failure to allege lack of payment. For the reasons discussed below, the Court denies both Motions.

**STANDARD OF REVIEW**

In reviewing a motion to dismiss under Rule 12(b)(6), courts "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123. The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief

1

pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.*

## FACTS

According to the Complaint, in 2018 and 2019 Trace served as the general contractor for Defendant Twin Rivers Paper Company, LLC ("Twin Rivers") in connection with the construction and installation of a vapor distribution system (the "Project") at Twin Rivers' paper mill in Madawaska, Maine. Trace in turn entered into a subcontract with a company called i3, wherein for a set price i3 agreed to perform significant work on the Project as a subcontractor to Trace. For approximately a year beginning in the fall of 2018, i3 worked on the project. Twin Rivers was aware i3 was performing work on the Project. Twin Rivers benefited from the work and retained the benefits of the work. In August 2019, Trace wrongfully terminated its subcontract with i3, and failed to fully pay i3 for work due and owing on the subcontract. Twins Rivers has also not paid i3 for work done on the Project. Because Trace has not been fully paid for its work, Trace has gone out of business.

Plaintiff Diamond Business Credit Corp. ("Diamond") brings this cause of action in place of i3, pursuant to an Assignment of Claims Agreement whereby Diamond received all of i3's "rights, title, interests, claims, demands, and causes of action arising out of the work done at the mill." In a multi-count Complaint, Diamond states claims against Trace for breach of contract (Count I), violation of Maine's Prompt Payment Act (Count II), unjust enrichment (Count III), and quantum meruit (Count V). Diamond also brings a claim of unjust enrichment against Twin Rivers (Count III) and a claim of tortious interference (Count IV) against Defendant Ed Pelletier & Sons, Co. ("Pelletier") .

2

A related action is already pending in the New Hampshire Superior Court. Before this action was filed, Trace filed a complaint in Hillsborough Superior Court/Northern District which named i3 as the sole defendant. Trace seeks to recover damages from i3 related to its work on Twin Rivers' mill in New Hampshire, pursuant to several distinct legal theories. Diamond, the plaintiff in this case, has intervened in the New Hampshire action and moved to stay the proceedings pending resolution of the Maine action. At oral argument counsel agreed the New Hampshire Superior Court recently stayed the New Hampshire proceeding in order to see what action this Court would take.

## DISCUSSION

### *Trace Energy's Motion to Dismiss*

#### Lack of Standing and Failure to Join Necessary Party

Trace first argues for dismissal of Count II, by which Diamond asserts a claim under Maine's Prompt Payment Statute, 10 M.R.S. §§ 1111-1120 ("PPS"). Trace advances two interrelated grounds for dismissal. Trace contends that as an assignee, Diamond lacks standing to assert claims under the PPS. According to Trace, the PPS only permits subcontractors to assert rights under the statute on their own behalf and may not assign claims under the PPS to a third party. Therefore, Trace argues, Diamond lacks standing to bring a claim under the PPS, and its failure to join i3 to the action should result in dismissal of Count II.

The general rule is that causes of action are assignable. *See Am. Homeowner Pres. Fund, LP v. Pirkle,* 475 S.W.3d 507, 517-518 (Tx. 2015); *see also Herzog v. Irace,* 594 A.2d 1106, 1108-1109 (Me. 1991) (ordinary rights are freely assignable); *Thurston v. Continental Cas. Co.,* 1985 Me. Super. LEXIS 74 (cause of action for wrongful failure to settle may be assigned). In some instances, however, the general rule of assignability may be abrogated by the specific language of

3

the statute involved. *See PPG Indus. V. JMB/Houston Ctrs. Ltd. P'ship,* 146 S.W.3d 79, 82 (Tx. 2004) (assigning deceptive trade practices act claims would defeat the primary purpose of the statute). Here, Trace asserts that the PPS precludes assignment to Diamond of i3's claims.

Under the PPS the term "subcontractor" is defined to mean "any person or entity that has contracted to perform work for or provide services to a contractor . . . in connection with a construction contract." 10 M.R.S. § 1111(8). Trace argues that the definition excludes assignees, because an entity that is assigned a claim is not the entity that performed the work or provided the services. The one case Trace cites to support its argument is *Estate of Robbins v. Chebeague & Cumberland Land Trust*, 2017 ME 17, 154 A.3d 1185, but that case is inapposite because it does not consider assignment of a cause of action. To the extent the case has any applicability, it cuts against Trace's position.

The question in *Estate of Robbins* was whether a nearby landowner had standing under the conservation easement statute, 33 M.R.S. §§ 476-479-C, to bring an action to enforce the terms of a conservation easement on another person's land. The Law Court concluded the answer was no, but only because as set forth in 33 M.R.S. § 478, the conservation statute contains a detailed section describing who can bring an action. 2017 ME 17, ¶ 10. The Law Court further determined that expanding standing beyond the terms of Section 478 would undermine the purpose of the conservation easement statute. Id. ¶ 31.

Unlike the conservation easement statute, the PPS contains no provision equivalent or analogous to 33 M.R.S. § 478. The PPS provides various rights and remedies to subcontractors, but the PPS does not contain any language specifying or restricting who may bring such an action. *See* 10 M.R.S. §§ 1114, 1118. Moreover, the purpose of the PPS, which is in part to ensure contractors meet their payment obligations, is facilitated by allowing the assignment of PPS

4

claims, especially when a subcontractor has gone out of business it has not been paid. The Court therefore concludes that the PPS does not preclude the assignment of claims in this case. As the ordinary rules for standing apply here, the assignment of this claim is legitimate and confers standing on Diamond to stand in the shoes of i3 to bring a PPS claim. As such, i3 does not need to be joined and this claim will not be dismissed on this ground.

Forum non conveniens

Trace's argument for dismissal of the entire Complaint relies on the doctrine of forum non conveniens. Forum non conveniens is a doctrine whereby the Court may decline to exercise jurisdiction even where it properly has subject matter and personal jurisdiction if it is a seriously inconvenient forum, "provided that a more appropriate forum is available to the plaintiff." *Corning v. Corning*, 563 A.2d 379, 380 (Me. 1989). The factors to be considered in determining whether to invoke the doctrine include:

(1) the private interests of the plaintiff;
(2) the relative ease of access to sources of proof;
(3) the availability of compulsory process and the cost for attendance of witnesses;
(4) the necessity and possibility of a view of the premises;
(5) whether the plaintiff's choice of forum was made solely to vex, harass, or oppress the defendant; and
(6) whether, in light of the public interest in having a localized controversy decided where it originated, the state in which the suit was filed has some tangible or intangible relation to the litigation.

*Id.* at n.3. The Court will not grant a dismissal unless "the ends of justice strongly militate in favor of relegating the plaintiff to an alternative forum." *MacLeod v. MacLeod*, 383 A.2d 39, 42 (Me. 1978).

The existence of an alternative forum is essential to invoking the doctrine of forum non conveniens. *Id.* Here, two of the defendants, Twin Rivers and Pelletier, are Maine residents. There is nothing in the record to suggest that these entities are subject to personal jurisdiction in another

5

jurisdiction, much less one that would be more convenient than their home state. Apparently aware of this, Trace argues that the court should dismiss the claim anyway, because it argues that the claims against those defendants are too weak to justify this court's exercise of jurisdiction. Trace has no standing to argue for the dismissal of claims against other defendants. Furthermore, the requirement that there be an alternative forum for the invocation of forum non conveniens does not only apply to strong claims, it applies to all claims. The lack of evidence that the Maine defendants would be subject to personal jurisdiction in another jurisdiction therefore bars the application of forum non conveniens to this case.

Even were the Court to apply the doctrine to Trace's claims alone, the factors here do not strongly militate towards a dismissal. Trace has only generally averred that the evidence and witnesses pertinent to these claims are present in New Hampshire. It has not shown any special hardship would result from litigating in Maine, for example, by showing that the cost of attendance for witnesses would be prohibitively high. This is especially significant since the underlying dispute concerns work that was performed in Maine, for a Maine company. The fact that the parties are already litigating a related matter is simply not enough, considering all the facts, to justify invoking forum non conveniens here. Moreover, the Business Court provides a flexible forum, and future discussion can be had regarding the appropriate location for a trial if one becomes necessary. *See* M.R. Civ. P. 137(b).

### *Twin Rivers' Motion to Dismiss*

#### Failure to Allege a Duty Owed

Twin Rivers contends that absent a duty, "no claim for unjust enrichment [can] arise." *Ocean Nat'l Bank of Kennebunk v. Diment*, 462 A.2d 35, 38-39 (Me. 1983). Twin Rivers thus argues that Diamond's claim for unjust enrichment must necessarily fail, because the taking of an

6

assignment is insufficient to create a duty.[1] Twin Rivers does not provide any authority to support its argument, however, and is therefore unable to avoid the general rule of assignability. i3 assigned to Diamond its rights, title, and interests, including the duty owed to i3 by Twin Rivers, and so the unjust enrichment claim against Twin Rivers will not be dismissed on this record.

Failure to Exhaust Remedies

Twin Rivers argues that Diamond has failed to exhaust its legal remedies, because Diamond has not first attempted to recover from Trace in a separate, predicate legal action. Twin Rivers relies on *Pendleton v. Sard*, 297 A.2d 889, 895 (Me. 1972), but *Pendleton* does not preclude pursuing alternative claims against the owner and the general contractor in the same lawsuit, as Diamond does here. Indeed, the approach employed by Diamond in this legal action conserves judicial resources and avoids any risk of double recovery. Diamond's claim against Twin Rivers will not be dismissed on this basis.

Failure to Allege Lack of Payment

Twin Rivers asserts that Diamond has failed to allege lack of payment. However, Paragraph 21 of the Complaint clearly alleges: "Upon information and belief, Twin Rivers has not fully paid i3 or anyone else for the work supplied to the Project that is the subject of this Complaint." Twin Rivers' argument that this plain and concise allegation is somehow insufficient runs afoul of notice pleading and the standard of review on a Motion to Dismiss. Read in the light most favorable to Diamond, the Count III of the Complaint easily escapes Twin Rivers' Motion to Dismiss.

**CONCLUSION**

---

[1] Twin Rivers makes other arguments, but those arguments rest on facts that are not contained in the Complaint and thus the arguments are not meaningful at this stage. For instance, Twin Rivers questions the validity of the assignment, but at the Motion to Dismiss stage the Court must accept the assignment as a fact.

For all the foregoing reasons, the Motions to Dismiss filed by Trace Energy and Twin Rivers are DENIED.

So Ordered.

Pursuant to M.R. Civ. P. 79(a), the Clerk is instructed to incorporate this Order by reference on the docket for this case.

Dated:   **April 29, 2021**

Michael A. Duddy
Judge, Business and Consumer Docket

DIAMOND BUSINESS CREDIT CORPORATION

    *Plaintiff(s)*

*v.*

TWIN RIVERS PAPER COMPANY, et al.

    *Defendant(s)*

| Party Name: | Attorney Name: |
|---|---|
| *Diamond Business Credit Corp.* | **Joseph Talbot, Esq.**<br>Perkins Thompson, PA<br>One Canal Plaza Suite 900<br>PO Box 426<br>Portland, ME 04112-0426 |
| *Ed Pelletier & Sons, Co.* | **John Giffune, Esq.**<br>Verril Dana LLP<br>One Portland Square<br>Portland ME, 04104-4054 |
| *Trace Energy, LLC, Co.*<br>*Twin Rivers Paper Co* | **Jeffrey Piampiano, Esq.**<br>Drummond Woodsum<br>84 Marginal Way Suite 600<br>Portland ME, 04101-2480 |